Reese, J.
delivered the opinion of the court.
This is an indictment in the circuit court of Jackson county, for passing counterfeit coin. We will premise, before noticing the errors assigned by the counsel of the plaintiff* in error, who was found guilty of the charge, that upon the facts shown in the record, we are satisfied with the verdict.
It is objected to the proceedings in the circuit court, that the Judge presiding at the trial, permitted the Attorney General to enquire of persons returned to serve upon the jury, when examined before the court touching their legal competency, whether they had ever taken a voluntary oath to favor counterfeiters, if at any time they might happen to be placed on the jury in the trial of persons charged with that offence.
It is argued, that such an enquiry is not so much- calculated to prejudice the minds of those interrogated against the party interrrogating, in this instance the State, as to place the jury selected in an attitude to fear the pressure of public senti *256 ment against them, in the event they should acquit the prisoner.
The interrogatory certainly is unusual and extraordinary, and one which the persons interrogated, might well decline to answer.
But the condition of the community, at some period and in some places, may be so peculiar, that it might be dangerous to limit to a prescribed formula the interrogatories to be propounded, on either side, in this preliminary trial, as to the competence of jurors.
The combination might be the opposite of that imputed in this instance, and it might be important to a person to enquire into pledges and obligations of a contrary character. It will always be the business and duty of the presiding Judge to restrain, and-of that responsible officer of the Government, the Attorney General, to abstain from, a course of interrogation on such occasions useless and wanton.
W'e feel bound to presume that they did so on the present occasion, and that the course adopted was not uncalled for, and was taken for the fair and honest purpose of getting a jury, omni exceptione majores.
2. The indictment alleges, that the counterfeit coin was passed to a negro man, slave, as the property of L. B. It is objected, that it ought to have alleged it to have been passed to the master. That is the legal effect of the allegation, for the master is owner of all the slave receives, whether as his agent or not. But, we think it much better to charge according to the fact, as it actually took place, than merely according to the legal effect.
3. Before the panel was completed, one of the persons selected by the parties as a juror, was permitted to stand aside, on his own application, for physical inability to sit, without objection from either party, but also without the express consent of the prisoner. This the court has power to do, and it is no ground of error.
4. It is objected, that the record does not sufficiently show, that the indictment was found and returned into court, a true bill. We think the record does show this. The present *257 case, upon this point, is like the case of Calhoun vs. State, 4 Humph.
5. A juror made oath, that he did not willingly give his assent to the verdict, but yielded to the majority from the influence of the taunts and abuse oí his fellows. This might have done, if the afflant had detailed to the court in what the “taunts” and “abuse” consisted. ■ The facts should have been shown, so that the court might judge of them. What the juror might have considered “taunt” and “abuse,” others might consider animated and vehement argument, or, at most, rude manners. In such case, we want a fact, and not an epithet.
As to the omission in the caption, after the words “Jackson circuit,” of the word “court,” without considering how far it would be material, we take it to be a mere clerical omission in the last transcript; for in the first record, importing equal verity, the word “court” is inserted.
The result, therefore, of our opinion, upon the errors assigned, is, that the judgment of the circuit court must be affirmed.